# Third District Court of Appeal

## State of Florida

Opinion filed February 4, 2015.

Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-1143
Lower Tribunal No. 03-1107-K

_____


**Stewart J. Andrews and Leda N. Andrews,**
Appellants,

vs.

**Donald J. Barton,**
Appellee.


An Appeal from a non-final order from the Circuit Court for Monroe County, William R. Slaughter, II, Judge.

Diane Tolbert Covan (Key West); Burlington & Rockenbach, P.A., and Bard D. Rockenbach (West Palm Beach), for appellants.

Mitchell J. Cook (Ramrod Key); Walter S. Holland; Peter H. Morris (Key West), for appellee.


Before SUAREZ, ROTHENBERG, and LOGUE, JJ.

LOGUE, J.

This dispute, which returns to us for the second time, concerns the location of the border between two adjacent lots. Stewart and Leda Andrews own Lot 32 and Donald Barton owns Lot 31 of Block 54 on Stock Island in Monroe County, Florida. Previously, a jury had returned a verdict in favor of Barton and the Andrews appealed. Holding that certain evidence should not have been excluded from trial, we reversed and directed the trial court resolve the issue of the location of the lot boundaries. Andrews v. Barton, 974 So. 2d 1144, 1147 (Fla. 3d DCA 2008).

On remand, the case was tried without a jury and the trial court again resolved the dispute in favor of Barton. Andrews again appeals. As Andrews commendably concedes in his Initial Brief, at the time he purchased Lot 32, he believed it "was less than 50 feet wide." Subsequently, however, he concluded that his lot was actually 80 feet wide at the frontage and 60 feet wide at the back. He formed this belief based upon the existence of an irregular fence or barricade that appeared to establish the boundaries between the two lots.

The trial court made detailed and lengthy factual findings which support its conclusion that the irregular fence did not serve to establish the boundaries between the lots. The trial court also made factual findings regarding the testimony of the parties' expert surveyors and accepted as correct the survey of the surveyor who testified on behalf of Barton. Finding no error, we affirm.

2